Per Curiam.
This action is for an assault made upon the plaintiff with intent to have carnal connection with her. It is *467 not denied that there were circumstances in proof which authorized the jury to give exemplary' damages, had not the defendant been convicted and fined $250 for the same assault, which he had paid. This, it is insisted, barred all claim beyond the actual damages. The judge charged that-the criminal proceedings did not prevent the jury from giving exemplary damages, if they chose; though the fine and payment were proper to be considered in fixing the amount which they would allow the plaintiff.
We have examined the several authorities cited on the part of the defendant, and find none of them so favorable to him as the learned judge was in this case, unless indeed a remark in 1 Chit. General Practice, (p. 17, Am. ed. of 1834,) forms an exception. But the author does not pretend to be sustained by any adjudged case, at least he cites none; and we think he is mistaken. In vindictive actions—and this is agreed to come within that class—jurors are always authorized to giye exemplary damages where the injury is attended with circumstances of aggravation; and the rule is laid down without the qualification that we are to regard either the possible or the actual punishment of the defendant by indictment and conviction at the suit of the people. That the criminal suit is not a bar to the civil, and that no court will drive the prosecutor to elect between them, if the former be by indictment, is entirely settled. (Jones v. Clay, 1 Bos. & Pull. 191; Jacks v. Bell, 3 Carr. & Payne, 316.) He may proceed by both at the same time • (id. ;) nor will the court even stay proceedings in the civil action, to govern themselves by the event of a pending criminal prosecution. (Caddy v. Barlow, 1 Man. & Ryl. 275.)
We concede that smart money allowed by a jury, and a find imposed at the suit of the people, depend on the same principle. Both are penal, and intended to deter others from the commission of the like crime. The former, however, becomes incidentally compensatory for damages, and at the same "time answers the purposes of punishment. The recovery of such damages ought not to be made dependent on what has been done by way of criminal prosecution, any more than on what may be done. Nor are we prepared to concede that either a fine, an imprison *468 ment, or both, should be received in evidence to mitigate damages. True, if excluded, a double punishment may sometimes ensue; but the preventive lies with the criminal rather than the civil courts. The former have ample power, if they choose to exert it, of preventing any great injury from excess of punishment. In a proper case, if the party aggrieved will not release his private injury, or stipulate to waive a suit for it, or at least to waive all claim for smart money, the court may, after conviction, either impose a fine merely nominal, or stay proceedings till a trial shall be had in the civil action, and govern themselves accordingly in the final infliction of punishment. This, or something equivalent, has often been done. The more usual case in England is, where the party comes as the principal actor in the prosecution by way of applying for a criminal information. The court will then make it a condition that he shall waive his right of action. (Rex v. Sparrow, 2 T. R. 198; see also Rex v. Fielding, 2 Burr. 654, 2 Kenyon's Rep. 386, S. C.) Indeed, so common has this become that the very application by the party is said to be considered as an implied stipulation not to bring a private suit. This will therefore be stayed. (Id.; Tidd. Pr. 9, Am. ed. 1840.) And even where he proceeds by indictment, the court often, in effect, turn over the whole case to be disposed of by action, in the method before mentioned. The more usual course is to stay proceedings on the criminal side, till those on the civil side are at an end. (Commonwealth v. Bliss, 1 Mass. Rep. 32; Commonwealth v. Elliot, 2 id. 372.) This is not done with us till after conviction ; (The People v. General Sessions of Genesee, 13 John. 84;) and such is no doubt the better practice.
In Jacks v. Bell, (3 Carr. & Payne, 316,) the party had received, on the certificate of the judges, a portion of several fines amounting to more than the actual damage he had sustained by the assault. This was pursuant to the practice mentioned in 1 Chit. Cr. Laxo, 8, 810. In a civil action, therefore, Lord Tenterden, O. X, directed a verdict for one farthing only, saying that no certificate for the sum received would have been given by the court, unless it had been with the understanding that no *469 action was to be brought. The judges might, without doubt, have prevented an action entirely, had they required. a release or stipulation as the condition of their certificate. The damages were properly mitigated, because the party had actually got his full compensation. It is believed that no case goes further; and even this would not authorize the jury to notice what fine may' have been paid to the people. Of that, thé party gets nothing. The judges in this country are not authorized to give it to him.
On the whole, we are of opinion that the charge was quite as favorable to the defendant as he could possibly claim, not to say more so.
New trial denied.